DOOLEY v. PENNSYLVANIA R. CO. (CHICAGO, ST. P., M. & O. RY. CO. et al., Garnishees).

(District Court, D. Minnesota, Fourth Division. May 10, 1918.)

1. STATUTES ⟐185—WAR ⟐10(2)—TAKING OF RAILROADS FOR WAR PURPOSES.

Under Act Aug. 29, 1916, c. 418, § 1, 39 Stat. 645, providing that the President in time of war is empowered, through the Secretary of War, to take possession and assume control of any system or systems of transportation, and to utilize the same to the exclusion, as far as may be necessary, of all other traffic, for the transfer and transportation of troops, etc., or for such other purposes connected with the emergency as may be needful and desirable, the clause of the President's proclamation relative to governmental control of railroads, dated December 26, 1917, declaring that, except with the prior written assent of the Director General, no attachment by mesne process or on execution shall be levied against the property used by any of said transportation systems in the conduct of their business as common carriers, was warranted, for what is implied in a statute is as much a part of it as what is expressed, and, when a power is conferred, everything necessary to carry it out and make it effectual will be implied, and it is obvious that governmental control of railroads, to be effective, should be exclusive, and not subject to interference by private parties.

2. WAR ⟐10(2)—TAKING OF RAILROADS FOR WAR PURPOSES—PRESIDENT'S PROCLAMATION.

Moneys constituting traffic balances fall within the clause of the President's proclamation of December 26, 1917, relative to governmental control of railroads, declaring that, except with the prior written assent of the Director General, no attachment by mesne process or on execution shall be levied on or against any of the property used by any of said transportation systems in the conduct of their business as common carriers, and cannot be garnished, for such funds constitute a revolving fund, applicable to payment of necessary expenses in railroading, which is as essential as cars, engines, or coal.

3. EVIDENCE ⟐20(2)—JUDICIAL NOTICE—RAILROADS.

The court will take judicial notice that no railroad system can be successfully operated without a revolving fund, available for the payment of wages and for other necessary expenses in railroading.

At Law. Action by Avis Dooley against the Pennsylvania Railroad Company, in which the Chicago, St. Paul, Minneapolis & Omaha Railway Company and others were summoned as garnishees. On motion

to quash the garnishment proceedings and discharge the garnishees. Motion granted.

Moore, Oppenheimer & Peterson, of St. Paul, Minn., for the motion. Wm. A. Tautges, of Minneapolis, Minn., opposed.

BOOTH, District Judge. The main facts upon which the present motion is based are not in dispute. The garnishment summons was served on the several garnishees on January 29, 1918. Notice was thereafter given to the defendant company as required by statute. Disclosures were had, showing that several of the garnishees had, on the date of the service of the garnishee summons, certain traffic balances in their hands belonging to the defendant Pennsylvania Company. It is admitted that the defendant company and the several garnishee companies had all been taken under federal control prior to the garnishments.

The ground relied upon at the argument of the motion to quash was that, by virtue of the provision in the proclamation of the President of the United States, dated December 26, 1917, the traffic balances aforesaid were not garnishable. The provision in said proclamation referred to is as follows:

"Except with the prior written assent of said director, no attachment by mesne process or on execution shall be levied on or against any of the property used by any of said transportation systems in the conduct of their business as common carriers; but suits may be brought by and against said carriers and judgments entered as hitherto until and except so far as said director may by general or special order, otherwise determine."

It is admitted that no written consent of the director mentioned in said above-quoted clause had been obtained granting the levy of the garnishment. It is claimed, however, by the plaintiff, first, that this particular clause of the proclamation is without warrant of law; second, that traffic balances are not included within the terms of said clause—in other words, that such traffic balances are not "property used by any of said transportation systems in the conduct of their business as common carriers."

[1] As to the first ground: The law pursuant to which the President's proclamation was issued is found in section 1, chapter 418, 39 Stat. page 645. It reads as follows:

"The President, in time of war, is empowered, through the Secretary of War, to take possession and assume control of any system or systems of transportation, or any part thereof, and to utilize the same, to the exclusion as far as may be necessary of all other traffic thereon, for the transfer and transportation of troops, war material and equipment, or for such other purposes connected with the emergency as may be needful or desirable."

It is elementary that what is implied in a statute is as much a part of it as what is expressed. County of Wilson v. National Bank, 103 U. S. 770–778, 26 L. Ed. 488; City of Little Rock v. U. S., 103 Fed. 418, 420, 43 C. C. A. 261. It is also elementary that, when a power is conferred by statute, everything necessary to carry out the power and make it effectual and complete will be implied. 26 Am. & Eng. Ency. of Law (2d Ed.) p. 614, and cases cited. This is the same principle

that is well established in the law of agency. Mechem on Agency (2d Ed.) § 789.

In the statute above quoted, the President was authorized to "take possession, assume control and utilize any system of transportation." It needs no argument to show that it was necessary, in order that these powers be made effective, that the possession, the control, and the utilization of the property should be exclusive, and not subject to interference by private parties. The clause in the President's proclamation preventing levies by lien or final process was therefore fully authorized and was valid.

[2, 3] The second contention, viz. that moneys constituting traffic balances do not come within the purview of the proclamation, in other words, are not "property used by any of said transportation systems in the conduct of their business as common carriers," in my opinion cannot be sustained. Certainly cars, engines, coal, machinery, would all be wholly within the terms used. Moneys coming in as traffic balances are simply earnings constituting a revolving fund, and form part of a working or liquid capital. Such a fund is just as necessary to the successful operation of a railroad as cars, engines, or coal. The liquid capital may be part of a wage fund to-day, part of a coal-purchasing fund to-morrow, and part of a car rental fund the day after. The court will take judicial notice that no railroad system can be successfully operated without such a fund. The tying up of such a fund would clearly be detrimental to the successful operation of a railroad system, in the same way that the seizure of any other of its property would be.

I am clearly of the opinion that these traffic balances involved in the present matter are within the scope of the language of the President's proclamation, and are therefore not subject to garnishment.

Motion sustained.