### ROOT et al. v. YORK CORPORATION.
Civil Action No. 409.

District Court, D. Delaware.
July 31, 1944.

292

and Hays, St. John, Abramson & Schulman, of New York City, for plaintiffs.

Aaron Finger 'and Robert H. Richards (of Richards, Layton & Finger), both of Wilmington, Del., for defendant.

George D. Hornstein, of New York City, amicus curiae.

LEAHY, District Judge.

█ 1. What plaintiffs seek is the cash payment in full for the value of their stock. There is respectable authority for the rule that a dissenting stockholder can not demand of the resultant company payment in cash for his shares where the merger is a lawful one, unless it is otherwise provided by statute. See Fletcher, Private Corporations, Perm.Ed., § 7164. In Hottenstein v. York Ice Machinery Corporation, 3 Cir., 136 F.2d 944, 953, Judge Biggs stated: * * * A court of the United States bound by the rule of Erie R. Co. v. Tompkins [304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487] is powerless to afford aid to the stockholder unless reclassification reaches that degree of unfairness when it amounts to a cancellation of the preferred stockholders' accumulated unpaid dividends *without adequate compensation* therefor under the law, either by way of a share in the equity of the surviving corporation or *by the payment of money under Section 61 of the General Corporation Law * * *."* (Emphasis supplied.) It would appear from this language plus the statements from the Delaware courts themselves in Cole v. National Cash Credit Ass'n, 18 Del.Ch. 47, 156 A. 183; Stephenson v. Commonwealth & Southern Corporation, 18 Del.Ch. 91, 156 A. 215; Porges v. Vadsco Sales Corp., Del.Ch., 32 A.2d 148,[2] that if the dissenting stockholder demands payment for his stock then payment must be had under Sec. 61, the procedures prescribed by that statute must be followed, and the remedial right created by Sec. 61 may only be enforced in the manner prescribed.

█ Plaintiffs took action under this statute when they sought the appointment of a third appraiser.[3] Having availed

William H. Foulk, of Wilmington, Del.,

[2] In Koster v. Shenandoah Corp., 258 App.Div. 1079, 18 N.Y.S.2d 38, the court stated that whether the statutory remedy of appraisal under Sec. 61 is exclusive is a question for the decision of the Delaware courts alone. While the point was not raised in the three cases cited, it would appear to be implicit from the language used that the Delaware courts are of the view that a dissident's rights to be paid for his stock depend upon his following the prescribed statutory procedure.

[3] This Circuit has held in Samuel Goldwyn, Inc., v. United Artists Corp., 3 Cir.,

themselves of the particular remedy and indulged in lengthy proceedings thereunder, which are now completed and awaiting further action by the Delaware Chancellor, there is no reason for this court to assume jurisdiction to review the proceedings. Simply because the complaint is patterned on the Declaratory Judgment Act, 28 U.S.C.A. § 400, jurisdiction is not conferred. The Act does not "enlarge the jurisdiction of the federal courts over subject matter and parties."[4] See Borchard, Declaratory Judgments 233.

Sec. 61 provides that "the decision of the appraisers as to such value of such stock shall be final and binding upon the corporation and such stockholder." As this court is without power to substitute its judgment as to what amount plaintiffs should receive for their stock in place of the amount found due by the appraisers, the only effect that could be given to any decree entered in the case at bar would be a finding that the appraisal was invalid. This would not be a final judgment settling the controversy between the parties within the meaning of the federal Declaratory Judgment Act.

Neither this court nor the Delaware Chancery Court has the power to compel the appraisers to modify their decision as to amount. Under Chicago Corp. v. Munds, 20 Del.Ch. 142, 172 A. 452, however, the state court may refuse to enforce an award by refusing to order the dissenting stockholder to deliver over his shares for payment on the basis of the value of his stock as found by the appraisers. In so doing, the state court may examine the factors such appraisers utilized or rejected in arriving at the value of the stock in controversy. But, this is not the substitution by the court of a dollar and cents figure for that arrived at by the appraisers. Apparently the state court simply sends back the reference to the appaisers for reconsideration with the court's definition of what constitutes "the value" of the stock. If the appraisers would flatly refuse to heed the Chancellor's admonitions, it seems obvious to me that he has the power to direct the

parties each to select other appraisers with the Chancellor appointing the third appraiser in the event the other two could not agree in naming such third appraiser. But no such power to appoint a third appraiser exists under Sec. 61 in the federal district court. The state court and this court are to this extent not co-equal. Thus, while it lies within the power of the state court to dispose of the final controversy between the parties, this court has no such power.

If plaintiffs' contention is accepted as controlling, a federal district court is free to determine the value of a dissenting stockholder's interest in the case of a lawful merger, independently of the procedural requirements of Sec. 61, and would itself attempt to fix the value of such stockholder's shares by entering a monetary decree in such stockholder's favor irrespective of Delaware legislative mandate that the appraisers' decision shall be final. Plaintiffs' theory seems to be that this court has the right to enter a monetary decree directing that the defendant pay $197.50 per share for plaintiffs' stock. It is difficult to see how this court can substitute its judgment for the acts of the appointees of the Chancellor of Delaware. Indeed, this court has no jurisdiction to direct the appraisers in the performance of their duties. The Delaware legislature has spoken and in unmistakable terms has said that "the decision of the appraisers * * * shall be final and binding." If the stockholders' rights are dependent upon the statute, as I believe they are, then this court's power to review can not be more extensive than that of the state court.

2. It is the familiar rule that the court which first acquires jurisdiction of a controversy should be permitted to conclude it. Plaintiffs seek the application of this rule on the ground that once the Delaware Chancellor granted their petition for the appointment of a third appraiser the state court's jurisdiction ended. But there is little strength in plaintiffs' argument that at the time they filed their complaint in the case at bar there was no proceeding pending in the state court whereby that court

---

113 F.2d 703, that refusal to grant declaratory relief must be based upon sound reasons, and in that particular case it remanded the case to this court in order that it might receive evidence as to a pending action involving the same issues. Here, all the facts concerning the pending litigation in the Delaware Court of Chancery are found in the affidavits submitted by the parties.

[4] If it be said that Sec. 61 contains merely remedial provisions, then the Delaware statute cannot enlarge the jurisdiction of the federal district court under Pusey & Jones Co. v. Hanssen, 261 U.S. 491, 43 S. Ct. 454, 67 L.Ed. 763.

could review the validity of the findings of the appraisers. Plaintiffs' argument that the matter before the Chancellor terminated with the appointment of a third appraiser is based upon the formalistic view that having obtained the particular relief then sought the proceeding in that court was at an end. Yet, the matter of the costs of the appraisal and the amount of the appraisers' fees are still undetermined by the Chancellor. Defendant here, by filing its petition with the Chancellor, is merely asking him to complete a proceeding already begun in the Chancery Court at the invocation of the plaintiffs themselves; and, in effect, in praying that plaintiffs be required to deliver up their stock, defendant is merely seeking incidental relief in connection with that proceeding. If the plaintiffs' charges respecting the invalidity of the decision of the appraisers have substance, they are free to raise such questions in opposition to defendant's prayer that they be ordered to deliver up their stock for $90 per share. By the filing of its petition defendant has brought into the state court all matters in controversy between the parties where they can now be fully adjudicated. The questions raised are local in nature and to be governed by Delaware law. It would be "gratuitous interference" for the federal court to proceed to declaratory relief where there is an absence of state law on the scope of the rights granted under Sec. 61, especially where the Chancellor as the highest judicial officer of the State of Delaware has the parties and the issues before him, ready to terminate the whole controversy. Under the particular circumstances of the case at bar, this court would not exercise discretion to assume declaratory judgment jurisdiction even if it were of the opinion that such jurisdiction existed. See Brillhart v. Excess Ins. Co. of America, 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620; Standard Acc. Ins. Co. v. Leslie, D.C., 55 F.Supp. 134.

Federal Rules of Civil Procedure, rule 57, 28 U.S.C.A. following section 723c, provides that the existence of another remedy does not preclude a judgment for declaratory relief under Sec. 274d of the Judicial Code, 28 U.S.C.A. § 400, in cases where it is appropriate. As it has been concluded that this court is without power to award a monetary decree in plaintiffs' favor for $197.50 per share for their stock, and as a finding by this court that the decision of the appraisers was invalid would not "terminate the controversy," it is difficult to conclude that declaratory relief here would be appropriate. The teachings of this Circuit look to a liberal interpretation of the Act in order to broaden its remedial scope; and while the jurisdiction of the district court is discretionary under the statute "this is a legal discretion which must * * * be exercised * * * in accordance with fixed principles of law." Crosley Corp. v. Westinghouse Electric & Manufacturing Co., 3 Cir., 130 F.2d 474, 475. In thus exercising discretion not to assume jurisdiction, I think the ruling here meets the criteria for exercising judicial discretion in dismissing declaratory judgment actions as announced by this Circuit in Samuel Goldwyn, Inc., v. United Artists Corp., 3 Cir., 113 F.2d 703, 709; Creamery Package Mfg. Co. v. Cherry-Burrell Corp., 3 Cir., 115 F.2d 980, certiorari denied, 312 U.S. 709, 61 S.Ct. 828, 85 L.Ed. 1141; Maryland Casualty Co. v. Consumers Finance Service, 3 Cir., 101 F.2d 514.

Defendant's motion to dismiss granted.