ELEANOR H. ROOT, RICHARD MEYER, DANIEL E. EVARTS,
    GEORGE J. NOTHNAGEL and MAE K. NOTHNAGEL,
    LOUIS J. BRECKER, CHARLES A. HOTTENSTEIN, CARL F.
    SCHMOYER, ANDREW FEKETY, and others,

vs.

YORK CORPORATION.

*New Castle, November 17, 1944.*

*Aaron Finger,* of the firm of Richards, Layton & Finger, for York Corporation

*William H. Foulk,* for Eleanor H. Root, et al.

HARRINGTON Chancellor: York Ice Machinery Corporation merged with York Corporation on June 9th, 1942. The surviving corporation seeks to compel the stockholders of York Ice Machinery Corporation, who objected to the mer-

ger, to assign and transfer to it their stock certificates upon the payment of its appraised value as of that date. The objecting stockholders seek to have the petition dismissed.

Before the 1943 amendment to *Section* 61 of the *General Corporation Law*, it provided a method whereby a stockholder, objecting to a corporate merger, had the right to demand from the surviving corporation payment for the value of his stock as of the date of the merger; should they fail to agree on its value, an appraisement "by three disinterested persons" was provided for; and one of such appraisers could be selected by the objecting stockholder and one by the corporation; the two selected could appoint the third appraiser. See *Schenck, et al., v. Salt Dome Oil Corp.,* 27 *Del. Ch.* 234, 34 *A.* 2*d* 249.

### *Section* 61 further provided:

(1) "If within thirty days from the date of service of such notice the corporation shall have failed to designate a second appraiser or if the two appraisers first designated shall fail to designate a third appraiser within thirty days from the designation of the second appraiser, such stockholder may apply to the Chancellor to designate a second and a third appraiser, or a third appraiser, as the case may be.

(2) "The decision of the appraisers as to such value of such stock shall be final and binding upon the corporation and such stockholder. In case the value of such stock as so fixed by the appraisers is not paid to such stockholder within sixty days from the date of such decision and of notice thereof given to the corporation, the decision of the appraisers shall be evidence of the amount due from the corporation, and such amount may be collected as other debts are by law collectible from the resulting or surviving corporation. Upon receipt of payment in full of the value of such stock, such stockholder shall transfer his stock to the said resulting or surviving corporation, to be disposed of by the directors thereof, or to be retained for the benefit of the remaining stockholders."

The petition of York Corporation is quite complete. It recites the merger of York Ice Machinery Corporation with York Corporation; that Eleanor H. Root and the other persons whose names appear in the caption of the suit held and

owned preferred stock issued by York Ice Machinery Corporation before it went out of existence; that they objected to the merger, and thereafter demanded in writing from York Corporation payment of the value of the stock, as of the date of the merger; that they were unable to agree on its value; that the necessary steps were taken by them under *Section 61* of the *General Corporation Law,* and culminated in the appointment of an appraiser, both by the objecting stockholders and by York Corporation; that the appraisers so selected failed to agree on the third appraiser; that Eleanor H. Root and others thereupon applied, by petition to the Chancellor for the appointment of the third appraiser; that the prayers of that petition were (1) that a subpoena issue to the defendant, York Corporation, requiring it to answer the petition, (2) that the court designate the third appraiser in the within proceeding, and (3) that the petitioners be allowed their costs and disbursements, and be granted such other and further relief as might be deemed proper in the premises; that York Corporation having been duly served with process in that proceeding appeared, and on September 3rd, 1943, an order was entered by the Chancellor appointing a "third appraiser to act with the appraisers heretofore named by the parties herein in the valuation of the preferred stock of York Ice Machinery Corporation owned by each of said petitioners"; that the three appraisers participated in the hearings relating to the value of such stock, and on or about March 8th, 1944, the majority filed a report fixing its value at the date of the merger at $90 per share; that on March 10th, the other appraiser filed a report, fixing the value of such stock at $197.50 per share; that York Corporation, by its solicitors, subsequently communicated with the solicitors representing the original petitioners, and offered to pay them $90 per share for their stock "in accordance with the hereinbefore mentioned majority report and appraisal upon transfer of the stock to the defendant in accordance with the statute"; that York Corporation "the defendant at all times has been and now is ready, able and

willing to pay to the petitioners the said sum of $90 per share for said stock and the defendant now offers to make such payment at such time and place and in such manner as the Chancellor may direct"; that subject only to the payment to the petitioners of the said sum of $90 per share for their stock, the "petitioners became obliged under the provisions of *Section* 61 of the *General Corporation Law* of the State of Delaware, and by virtue of the proceedings aforesaid, to transfer their said stock to the defendant," being the corporation resulting from or surviving the merger aforesaid, "to be disposed of by the directors thereof or to be retained for the benefit of the remaining stockholders;" that the petitioners have failed and refused to accept said appraised value of said stock and also refused to transfer the said stock to the defendant; that by virtue of the facts and proceedings aforesaid York Corporation "is now the equitable owner of the shares of preferred stock of York Ice Machinery Corporation held by the petitioners, and is entitled to have the certificates held by the petitioners, evidencing said stock, transferred and delivered to it"; that *Section* 61 *of the General Corporation Law* provides "the cost of any such appraisal, including a reasonable fee to each of the appraisers, may on application of any party in interest, be determined by the Chancellor and taxed upon the parties to such appraisal, or either or both of them, as may appear to be equitable."

The prayers of the petition of York Corporation are:

(1) For specific performance;

(2) That the costs of the appraisal be determined, including a reasonable fee to each of the appraisers, and that the costs be taxed upon the parties as may seem reasonable and just; and

(3) For general relief.

No process was prayed for, issued or served. An order was entered by the Chancellor directing the Register in

Chancery to mail, or deliver, a copy of the petition and the order thereon to the solicitors for the various objecting stockholders; that order was complied with. It was entered in order that the necessity for service of process might be determined.

The truth of the well-pleaded allegations of the pending petition is necessarily admitted by the motion to dismiss. *Section* 61 contains four important provisions which compose a part of the contract between stockholders and the corporation: (1) If the primary method for the appointment of appraisers is not fully carried out, the stockholders seeking their appointment "may apply to the Chancellor" for appropriate relief; (2) when appraisers are appointed, pursuant to the statute, their decision as to the value of stock "shall be final and binding upon the corporation and such stockholder"; (3) in case its value as so fixed is not paid within a specified date after the appraisal and notice thereof to the corporation, "the decision of the appraisers shall be evidence of the amount due from the corporation, and such amount may be collected as other debts are by law collectible from the resulting or surviving corporation"; and (4) "upon receipt of payment in full of the value of such stock, such stockholder shall transfer his stock to the said resulting or surviving corporation, to be disposed of by the directors thereof, or to be retained for the benefit of the remaining stockholders."

By an amendment to *Section* 61 (*Vol.* 43, *Laws of Del. c.* 125, *p.* 468), the Legislature provided that:

"The cost of any such appraisal, including a reasonable fee to each of the appraisers, may on application of any party in interest, be determined by the Chancellor and taxed upon the parties to such appraisal, or either or both of them, as may appear to be equitable."

When a court of equity has obtained jurisdiction over some portion of a controversy, as a general rule it will determine the whole matter if relief is sought by the proper pleadings. *Wright v. Scotton,* 13 *Del.Ch.* 402, 121 *A.* 69, 31

*A.L.R.* 1162; 1 *Pom. Eq. Jur.*, (*5th Ed*) §§ 114, 231, 232, 239*a*. Though the reasons therefor may differ, this general rule is usually applicable whether the pending case is within the ancient exclusive or the concurrent jurisdiction of equity, and though the incidental rights of the parties are of a legal nature. 1 *Pom. Eq. Jur.*, *supra*, §§ 231, 232. When applied, a multiplicity of actions is frequently avoided. *Pomeroy, supra*, §§ 114, 239*a*; *Wright v. Scotton, supra*.

It seems that this rule does not apply when a special power to grant some particular equitable remedy, not within the general jurisdiction of the court, is given by statute (*Phelps v. Harris*, 51 *Miss*. 789; 1 *Pomeroy, supra*, § 233) ; but these general principles do not control this case.

York Corporation also invokes the general rule of construction that when jurisdiction is given to a court by statute, all of the incidental rights and powers, reasonably necessary to effectuate those expressly given, will be implied. 21 *C.J.S., Courts*, § 88, *p.* 136; 15 *C.J.* 810; 59 *C.J.* 973; *Lewis' Suth. Stat. Construct.*, §§ 510, 551; see also *Dooley v. Pennsylvania R. Co.*, (*D. C.*,) 250 *F.* 142.

The precise questions are: (1) Whether the proceedings started by Eleanor H. Root and other stockholders, objecting to the merger, are still pending; (2) If they are, whether the relief sought by the present petition is incidental thereto and a continuation thereof; and (3) whether, in any event, the present proceeding can be by petition.

The original petitioners refused to join in the new corporate enterprise created by the merger, and took the necessary steps to have the value of their stock in the old York Ice Machinery Corporation determined. This was evidently in anticipation of an action at law to collect its value if the surviving corporation did not pay it voluntarily; but no such action was taken.

The step taken culminated in the application of the objecting stockholders to this court for the appointment of

a third appraiser, as the two selected by the contending parties had failed to agree on the third; but the order making the appointment prayed for, was merely of an interlocutory or preliminary nature, and did not finally determine the matter in controversy. 30 *C.J.S., Equity,* § 582, *p.* 974; *Root, et al., v. York Corp., (D.C. Del.)* 56 *F.Supp.* 288; *Electrical Research Products, Inc. v. Vitaphone Corp.,* 20 *Del.Ch.* 417, 171 *A.* 738. It related only to one step in the statutory proceeding, for the fulfillment of which the jurisdiction of this court was invoked. To hold otherwise would require a narrow and technical viewpoint. While perhaps not the most important reason for concluding that the order in question was not final, the statutory provision relating to the taxing of costs, including the appraisers' fees, could not be complied with until the appraisers had acted. See *Root, et al., v. York Corp., supra.* Consequently, the original petitioners are still in this court, and no new process need be served to obtain jurisdiction over them.

In the absence of some rule of court or statutory provision, the usual method of bringing suit in equity is by bill filed. *In re Interstate B. & L. Ass'n.,* 126 *N. J. Eq.* 469, 9 *A. 2d* 697; *Worrell v. Beach,* 63 *R. I.* 95, 7 *A. 2d* 666. But in the circumstances contemplated by *Section* 61, stockholders "may apply" to the Chancellor to appoint an appraiser or appraisers, and settled practice permits an application by petition, though on process issued and served, or waived. That practice seems to have been followed by the original petitioners, and a petition is permissible at this stage of the case.

York Corporation is ready to pay the ascertained value of the stock, but, for some reason the stockholders have refused to accept payment and transfer their shares. Perhaps, the real primary purpose of *Section* 61 is to protect the contractual rights of stockholders objecting to a corporate merger (*Schenck v. Salt Dome Oil Corp., supra; Fletcher Cyc. Corp., Per. Ed.,* § 7165) ; but some rights are expressly

given the surviving or resulting corporation, and the proponents of the motion to dismiss concede that, under the general equity powers of this court, specific performance could be had by the corporation to enforce its contract rights on an original bill filed and process duly served. See *Chicago Corp. v. Munds,* 20 *Del. Ch.* 142, 172 *A.* 452. As we have seen, the statute provides "upon receipt of payment in full of the value of such stock, such stockholder shall transfer his stock to the said resulting or surviving corporation"; and payment was offered but refused.

In view of the various provisions of the statute and the conceded rights of the corporation, it seems difficult to escape the conclusion that the relief sought is incident to and a continuation of the proceeding originally started by the objecting stockholders. See *Root, et al., v. York Corp., supra.*

The motion to dismiss the petition of York Corporation is, therefore, denied, and an o r d e r will be entered accordingly.