## HOTTENSTEIN et al. (MOORE, Intervenor) v. YORK ICE MACHINERY CORPORATION.

### No. 8097.

Circuit Court of Appeals, Third. Circuit.

Heard on Petition for Leave to File Bill of Review Dec. 8, 1944.

Decided Dec. 29, 1944.

Seymour M. Heilbron, of New York City (William H. Foulk, of Wilmington, Del., and Arthur Garfield Hays and Alan S. Hays, both of New York City, on the brief), for plaintiffs.

Aaron Finger, of Wilmington, Del., for defendant.

George D. Hornstein, of New York City, amicus curiæ.

Before BIGGS, JONES and GOODRICH, Circuit Judges.

BIGGS, Circuit Judge.

The petitioner asks leave of this court to file a complaint in the nature of a bill of review in the District Court of the United States for the District of Delaware. The petitioner owns shares of the 7% cumulative preferred stock of York Ice Machinery Corporation. He brought a suit in the District Court of the United States for the District of Delaware seeking to enjoin a merger of York Ice Machinery Corporation with a wholly owned and inactive subsidiary pursuant to Section 59 of the General Corporation Law of Delaware, Section 2091, Revised Code 1935, designed to effect a reclassification of the stock of the corporation. The District Court held, inter alia, that there was insufficient evidence to support the conclusion that the plan was unfair to preferred stockholders. See D.C., 45 F.Supp. 436, 439. Upon appeal to this court, the judgment of the court below dismissing the complaint was sustained. We were of the opinion that a court of the United States bound by the rule of Erie R. Co. v. Tompkins [304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487] was powerless to afford aid to a stockholder until a reclassification reached that degree of unfairness where it might be deemed to amount to a cancellation of the preferred stockholders' accumulative unpaid dividends without adequate compensation therefor. See, 3 Cir., 136 F.2d 944, 953, 954.

Thereafter, the petitioner and certain other preferred stockholders, who had not consented to the merger and who had made appropriate objection thereto, proceeded to an appraisal pursuant to Section 61 of the General Corporation Law of Delaware, Section 2093, Revised Code 1935. That appraisal proceeding, now completed in so far as action by the appraisers is concerned, and awaiting review by the Chancellor of Delaware, resulted in a majority of the appraisers concluding that the value of the petitioner's preferred stock at the time of the merger was less than its par value.

The basis for the petitioner's motion lies in his allegations that York Ice Machinery Corporation presented or caused to be presented to the District Court in Delaware evidence tending to prove that the value of the assets of the corporation amounted to approximately $10,000,000, whereas, in the appraisal proceeding, it presented evidence to the effect that its assets were worth very much less. Under the merger and reclassification, preferred stockholders of York Ice Machinery Corporation who exchanged their shares for the stock of the consolidated corporation received approximately 83.2% of the equity represented by common stock of the consolidated company and common stockholders of York Ice Machinery Company received approximately 16.8% of the common stock of the consolidated company. Obviously, if the assets of York Ice Machinery Corporation were worth only $5,000,000 at the time of the merger, common stockholders should have received far less, if any, recognition. If the value found for the preferred stock by the appraisers is correct it seems probable that the value suggested for the assets of York Ice Machinery Corporation during the proceedings in the District Court in Delaware was far too high. Conceding that the value of the assets is not invariably, or even necessarily, reflected in stock values, the spread between the comparatively low value attributed to the stock by the appraisers does not coincide with the asset picture seemingly presented by the defendant to the District Court of Delaware. All of this might lead us to grant leave to file the bill of review in the suit in the District Court of the United States for the District in Delaware, having in mind the principle enunciated by the Vice-Chancellor of Delaware in Porges v. Vadsco Sales Corporation, Del. Ch. 1943, 32 A.2d 148, 150. See the liberal doctrine applicable to filing bills of review declared in the decision of this court in Pittsburgh Forging Co. v. American Foundry Equipment Co., 3 Cir., 119 F.2d 619.

Nevertheless, the petitioner by embarking on an appraisal under Section 61 of the Delaware Corporation Law, has put

himself in a position where the surviving corporation could enforce its right to claim his stock on the tender of the appraised price by an original bill for specific performance. See Section 61 providing that "the decision of the appraisers as to the value of such stock shall be final and binding upon the corporation and [the] stockholder". See also Root v. York Corporation, Del. Ch. 1944, 39 A.2d 780, and Chicago Corporation v. Munds, 20 Del. Ch. 142, 172 A. 452. In other words, the petitioner has exchanged his rights in stock for a money claim against the consolidated corporation. Under such circumstances a bill of review filed in the District Court of Delaware would be a futility.

Accordingly, the prayer of the petition will be denied.