**LEWALD et al. v. YORK CORPORATION.**

District Court, S. D. New York.

Oct. 21, 1946.

Joseph Rogers, of New York City, for plaintiffs.

Gould & Wilkie, of New York City, and Townsend, Elliott & Munson, of Philadelphia, Pa., for defendant.

RIFKIND, District Judge.

Defendant moves to dismiss the complaint on the ground that the subject matter is such that the court should not as-sume jurisdiction. It invokes the rule of forum non conveniens.

The action is by three preferred stockholders of York Ice Machinery Corporation, a Delaware corporation, now merged with defendant, another Delaware corporation, to determine whether such stockholders, who had dissented from the merger and had demanded payment for their stock and had appointed an appraiser, but had not completed the appraisal proceedings, can now revoke their dissent and obtain a mandatory injunction, requiring defendant to issue the shares of its capital stock to which they would have been entitled had they not so dissented, together with a money judgment for the dividends they would have received.

Plaintiffs are residents of New York. Defendant is a Delaware corporation authorized to do and doing business in New York. This suit was first commenced in the New York courts. On petition of defendant it was remanded to this court on the ground of diversity of citizenship.

Originally dismissal of the complaint was sought on two grounds: (1) That the claim was insufficient to afford a basis for relief and (2) that the subject matter was such that the court should not assume jurisdiction. The parties have stipulated, however, that the motion be confined to the question of jurisdiction, without prejudice to a renewal of the motion addressed to the sufficiency of the complaint.

In substance, two grounds are set forth upon which it is claimed that jurisdiction should be declined: First, it is asserted that the controversy involves the internal affairs of a foreign corporation and, secondly, that the controversy set forth in the complaint has been litigated for a five year period in the Chancery Court of Delaware, Root v. York Corporation, Del.Ch., 39 A.2d 780, the United States District Court in Delaware, Hottenstein v. York Ice Machinery Corporation, D.C., 45 F.Supp. 436; Root v. York Corporation, D.C., 56 F. Supp. 288, and in the United States Circuit Court of Appeals for the Third Circuit, Hottenstein v. York Ice Machinery Corporation, 136 F.2d 944, 146 F.2d 835, and that it is still the subject of litigation

pending today and undetermined in the Chancery Court in Delaware. It should be mentioned at the outset, however, that it is not claimed that these plaintiffs were parties to all such litigation. They were parties only to a proceeding to enjoin the merger in which proceeding the plaintiffs were unsuccessful.

The complaint alleges as follows: York Ice Machinery Corporation (hereinafter called Ice Corporation) and York Corporation in January, 1941, entered into an agreement of merger whereby the holder of each share of preferred stock of the Ice Corporation was entitled to 15 shares of the common stock of the new or surviving corporation, which is the defendant herein, and that the holder of each share of common stock would be entitled to one share of the common stock of such surviving corporation. On March 19, 1941, plaintiffs filed written objections to the proposed merger. On March 12, 1941, an action was begun in the Federal Court in Delaware to enjoin the merger on the ground that it was unfair and fraudulent as to the preferred stockholders of Ice Corporation. Plaintiffs intervened in that suit on January 15, 1942. The suit was dismissed on June 19, 1942. On June 29, 1942, the merger agreement was filed. Whereupon on July 10, 1942, plaintiffs, as provided by § 61 of the Delaware Corporation Law, Rev. Code 1935, § 2093, as it then stood, demanded, in writing, payment of the value of their stock and appointed an appraiser. Defendant appointed a second appraiser on September 4, 1942. No third appraiser was ever appointed by the two designated appraisers and no further steps have been taken to complete the appraisal although § 61 states that, in default of appointment by the two designated appraisers, plaintiffs "may apply to the Chancellor to designate * * * a third appraiser." Preferred stockholders, other than plaintiffs, also had objected to the merger and demanded payment for their stock. At the hearings held to appraise such stock, defendant introduced testimony, at variance with the testimony given in the previously mentioned injunction suit, to show that the value of the preferred stock was less than the amount of its par value and accumulated dividends. It succeeded in establishing that the preferred stock was worth $90 a share, which was about one-half of its par value and dividend arrears. By reason thereof, plaintiffs withdrew their demand for payment and demanded that defendant issue its common stock in exchange for their preferred stock in compliance with the terms of the merger agreement. This the defendant has refused.

■ The rule to be applied in the determination of this motion is the rule of Williams v. Green Bay and Western Railroad Co., 66 S.Ct. 284. That it established a new standard for the invocation of the doctrine of forum non conveniens cannot be doubted. In the Williams opinion, Rogers v. Guaranty Trust Co., 1933, 288 U.S. 123, 53 S.Ct. 295, 77 L.Ed. 652, is disposed of with the comment that it is the only decision of the Supreme Court holding that a federal court should decline to hear a case because it concerns the internal affairs of a foreign corporation. The only quotation from that case is from Mr. Justice Cardozo's dissent, 66 S.Ct. 287. In hornbook fashion we may isolate the court's propositions thus: The following do not warrant a district court's declination of jurisdiction:

1. The mere fact that the case involves the internal affairs of a foreign corporation.

2. The fact that the case is governed by the corporation law of a state other than the one in which the district court sits.

3. The difficulty of deciding the corporation law of a foreign state.

4. The fact, alone, that the claim involves complicated affairs of a foreign corporation.

5. The mere fact that injunctive relief is sought.

■ Illustratively, the following are circumstances under which the district court may refuse to hear a case because it is a forum non conveniens:

(a) "Maintenance of a suit away from the domicile of the defendant—whether he be a corporation or an individual—might be *vexatious* or oppressive." [1]

---

1 [All typographical emphasis is supplied.]

(b) "An adventitious circumstance might land a case in one court when *in fairness* it should be tried in another."

(c) "The relief sought against a foreign corporation may be so extensive or call for such detailed and continuing supervision that the matter could be *more efficiently* handled nearer home."

(d) The district court's limited territorial jurisdiction might make it *difficult* for it to make its decree effective.

■ A subsidiary corollary is that *normally* the circumstances justifying a refusal to hear a suit against a foreign corporation will not be found where only a money judgment is demanded.

Whether in diversity cases, Erie R. Co. v. Tompkins, 1938, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, requires application of the local rule of forum non conveniens is a question upon which decision is reserved by the Supreme Court.

These propositions do not foreclose the exercise of discretion by the district courts. Any standard which incorporates such ingredients as vexation, fairness, efficiency, and difficulty involves a very considerable degree of subjective appraisal. The Green Bay case thus seems to me to restrict the area for the play of the rule of forum non conveniens; within that area, however, it enlarges the scope of the exercise of a judicial choice.

■ By the light of this decision I have concluded that the court should not decline to hear and decide this controversy.

It does not call for extensive relief against or detailed and continuing supervision of the defendant. This court is amply armed to grant in toto the relief sought. The case does not involve complicated affairs of a foreign corporation and, as we have seen, it would not matter if it were otherwise. It calls for a construction of Delaware corporation law. That, of course, is no obstacle to the retention of jurisdiction by this Court. True, it appears that the Delaware courts, both state and federal, have heard various aspects of the controversy out of which this litigation springs. It may well be that those courts have acquired a familiarity with the matter which would facilitate their consideration of the case. But the convenience of the federal courts is not a valid consideration. Meredith v. Winter Haven, 1943, 320 U.S. 228, 234, 64 S.Ct. 7, 88 L.Ed. 9.

Nor is this a case which an adventitious circumstance has landed in this court. The plaintiffs reside here; the defendant does business here. Indeed, the only contract between Delaware and the defendant is that it is the state of defendant's incorporation. Plaintiff's affidavit shows, and it is not controverted, that defendant's principal offices and plants are in Pennsylvania and that its officers are residents of that state. Stockholders' meetings are likewise held in Pennsylvania. Convenience would not be served by trying this litigation in Delaware and defendant does not suggest Pennsylvania, which conceivably might be done convenient for defendant. In any event, to retain the suit here, where plaintiffs reside and defendant does business, does not involve countenancing vexation, oppression or unfairness.

Should the Supreme Court ultimately decide the reserved question in the affirmative and hold that the local rule of forum non conveniens applies in diversity cases, no different result would follow. This seems clear from Travis v. Knox Terpezone Co., 1915, 215 N.Y. 259, 109 N.E. 250, L.R.A. 1916A, 542, Ann.Cas.1917A, 387. For a review of the New York cases, see Weiss v. Routh, 2 Cir., 1945, 149 F.2d 193, 159 A.L.R. 658. In two recent cases the New York Court of Appeals approved the denial of jurisdiction. Langfelder v. Universal Laboratories, 1944, 293 N.Y. 200, 56 N.E. 2d 550, 155 A.L.R. 1226; Sternfeld v. Toxaway Tanning Co., 1943, 290 N.Y. 294, 49 N.E.2d 145.

In the Langfelder case the facts were that after a merger had been approved and had become effective, plaintiffs sought to enjoin the operation of the merger agreement until their claims to unpaid, accumulated dividends on the preferred stock of one of the merging corporations had been established and satisfied. Such an action involved the rights of other stockholders who had consented to the merger

on the basis that such unpaid dividends would be eliminated thereby and a decision for plaintiff might well have necessitated a revision of the entire capital structure of defendant. Such elaborate supervision, the court thought, could more efficiently be administered in the foreign domicile of the corporation.

In the Sternfeld case a judgment was sought declaring that a stock issue of defendant, a foreign corporation, was illegal and directing that various steps should be taken to restore matters to the status quo ante, including cancellation of recapitalization proceedings taken under the law of the foreign state and of shares of stock issued thereunder.

It is plain that neither of these New York decisions materially assists defendant.

The motion to dismiss is denied.