[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
AMENDED DECISION
Before this Court are defendant Willie Scurry's motions for new trial. The state has objected to both motions.
FACTS and TRAVEL
In June of 1990, Willie Scurry was convicted of the kidnapping, robbery, and rape of a Providence woman in the city of Woonsocket. The rape occurred in November of 1988. The investigating officer in the case was Woonsocket Detective Gordon Tempest. Detective Tempest testified in the Scurry trial about Costa Park in Woonsocket, the scene of the rape. Specifically, he was questioned about his observation of the tracks at the scene during the investigation. In November of 1990, Detective Tempest became the target of a grand jury investigation in another, unrelated case which resulted in his indictment for perjury in 1991. This grand jury investigation prompted the defendant's second motion for new trial.
The defendant has filed two motions for new trial. The first motion revolves around the State's failure to disclose the existence of a suspect in the Scurry investigation. The second motion revolves around the defendant's allegation that Detective Tempest was under investigation during the pendency of the Scurry case.
The First Motion for New Trial
The defendant argues that his first motion should be granted because the state violated Super. R. Crim. P. 16 in failing to disclose the existence of another suspect in the case. Woonsocket Police Commander Rodney Remblad testified during the hearing on this motion that JoJo Spearman had told him a black man named Bernard was involved in the rape. (Transcript, page 4, from direct examination of Rodney Remblad at the hearing on this motion.) Moreover, Detective Lieutenant Gordon D. Tempest testified at the motion hearing that Bernard was investigated by the police and cleared of any involvement in the crime. (Transcript, pages 24, 30, 31) It is undisputed from evidence introduced at the trial that a second man who has never been apprehended was involved in the rape.
The defendant's allegation that the state violated Rule 16 is rejected. Rule 16(a) requires the state to make certain items available to the defendant upon request by the defendant. The items subject to discovery in Rule 16(a) are listed in great detail. It is a very specific list, yet nowhere does the rule require the state to divulge the identity of all suspects, much less minor suspects such as Bernard. Even with respect to a defendant who actually requests a list of witnesses pursuant to Rule 16(a), this requested list ". . . does not mean everyone the Attorney General's department or the police interview in investigating the state's case." State v. Verlaque,465 A.2d 207, 214 (R.I. 1983). Moreover, there is nothing to indicate that the defendant asked for the information at issue. The Rule requires only that the state divulge information "upon request." Rule 16. The state did not use the information in its case so that the purpose of Rule 16, to eliminate surprise and procedural prejudice at trial, State v. Wilson, 568 A.2d 764, 767 (R.I. 1990), was not frustrated.
In further support of his motion, defendant relies on Bradyv. Maryland, 373 U.S. 83 (1963). In Brady, the petitioner was convicted of murder in the first degree and sentenced to death.Brady, 373 U.S. at 84. After he was sentenced, he learned of an extra-judicial confession by an accomplice admitting guilt. The petitioner's counsel had requested all extra-judicial statements of the accomplice in pretrial discovery but did not receive the statement admitting guilt. Id. The Brady court held that, "the suppression by the prosecution of evidence favorable to the accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." Id. at 87. Brady
does not require the prosecutor to deliver his whole file to the defense.
The Supreme Court set out the test for materiality in UnitedStates v. Bagley, 473 U.S. 667. The standard for materiality in cases of prosecutorial failure to disclose, regardless of whether there was a request for production or not, is as follows:
 The evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A "reasonable probability" is a probability sufficient to undermine confidence in the outcome. Bagley, 473 U.S. at 682.
In Bagley, the defendant was indicted on narcotics and firearms violations. Before the trial, the defendant requested that the state produce evidence of any deals, promises, or inducements made to the state's witnesses in return for their testimony. The state produced none. After the trial, the defendant discovered that the state's two principal witnesses assisted the Bureau of Alcohol, Tobacco, and Firearms in an undercover investigation of defendant in exchange for money.
In the case at bar, this Court finds that the result of the proceeding would not have been different had the identity of the suspect been made available to the defendant. The Court's confidence in the outcome of the Scurry trial is not undermined at all. As the police investigated Bernard and exculpated him, it would be highly unlikely that the identity of a second individual would have changed the outcome of the trial. Even given the existence of a second man, the jury was able to convict Scurry. Accordingly, the defendant has failed to convince this Court that the failure of the state to disclose the existence of another suspect in this case is grounds for a new trial.
The Second Motion for New Trial
The defendant argues that his second motion for new trial should be granted because Detective Tempest was under investigation "during the pendency" of the Scurry case. In support of this argument, the defendant cites State v.Beaumier, 480 A.2d 136 (R.I. 1984).
The timing of the alleged investigation of Tempest is important for purposes of this second motion for new trial. If Tempest were under investigation during the Scurry trial, his motive for testifying at that trial would be in question. Such testimony by Tempest while under investigation might have been given for the purpose of ingratiating himself with his superiors. The defendant is entitled to cross examine any state witness for motive. If Tempest were under investigation and the defendant were unaware of this, the defendant may have been denied this opportunity to cross examine and, therefore, may have been denied his 6th amendment right of confrontation.
The defendant's allegation that Detective Tempest was under investigation during the pendency of the Scurry case is rejected. The Court's review of all the testimony does not reveal an investigation of Detective Tempest at the time of the rape in 1988 or during the pendency of the Scurry trial. It was five months after the Scurry trial that Tempest became the target of a grand jury investigation, unrelated to the Scurry case, and which resulted in his 1991 perjury indictment.
Defendant's reliance on State v. Beaumier here is misplaced. In Beaumier, a police officer was contacted while off duty by Beaumier, who had been shot in a gunfight during a robbery attempt. Beaumier, 480 A.2d at 1369. The officer helped to find and eventually arrest Beaumier, who was found guilty of assault with intent to kill and assault with intent to rob. Id.
The police officer was the "State's most important witness." He was, however, at the time of the incident, under investigation for theft by the State Police. Id. at 1371. For this and other reasons, the defendant was granted a new trial.
Alternatively, the facts before this Court now show that Tempest was not off duty but was the investigating officer in the Scurry case. He was, therefore, acting in the line of duty. It would be very difficult to question the motives of a man for testifying at trial when testifying was part of the normal course of his job as a law enforcement officer.
The case at bar is further distinguishable from Beaumier.
In Beaumier, the evidence of investigation was raised at trial but rejected by the trial justice. In the subject case, the evidence was introduced for the first time after the original trial. Accordingly, this Court must treat this motion as a motion for a new trial based on newly discovered evidence.
In order for newly discovered evidence to justify a new trial, the defendant must satisfy a four part test. First, the evidence must actually be newly discovered since the trial.State v. Bassett, 447 A.2d 371, 375. Second, the defendant must have been diligent in attempting to discover the evidence for use at the original trial. Id. Third, the evidence must not be merely cumulative or merely impeaching. Id. Fourth, the evidence must be material to the issue and be of a kind that would probably change the verdict at a new trial. Id. With respect to the first prong of the test, the Rhode Island Supreme Court allows the evidence to be either newly discovered or newly available since the trial. State v. Tavares, 461 A.2d 390, 392 (R.I. 1983).
With respect to the fourth prong, Beaumier is again distinguishable from the case at bar. In Beaumier, the witness in question was the State's key witness. At the Scurry trial, however, Detective Tempest was a minor witness who merely testified as to tire tracks at the scene of the crime. Therefore, this Court is satisfied that this new evidence regarding Tempest's being under investigation would probably not change the verdict at a new trial.
Having reviewed all the testimony and the applicable law, the Court denies the defendant's two motions for a new trial.