**LANGFELDER et al. v. UNIVERSAL LABORATORIES, Inc.**

Civil Action No. 521.

District Court, D. Delaware.

Sept. 27, 1946.

As Amended Nov. 20, 1946.

William H. Foulk, of Wilmington, Del., and Charles Rosenbaum and Maurice Gellar, both of New York City, for plaintiffs.

Caleb R. Layton, 3rd, of Hastings, Stockly and Layton, all of Wilmington, Del., and Joseph P. Antonow, of Swiren, Heineman & Antonow, all of Chicago, Ill., for defendant.

LEAHY, District Judge.

The merger is valid and, as all questions as to its essential fairness have been resolved by the Delaware Court of Chancery, plaintiffs cannot attack the merger itself. See Porges v. Vadsco Sales Corporation, Del. Ch., 32 A.2d 148. The issue, then, is the narrow one as to whether a valid merger under Sec. 59 of the Delaware Corporation Law, Rev.Code 1935, § 2091, 44 Del.Laws, c. 125, p. 425, § 5, operates to disturb what plaintiffs call "a contract right" or "a chose in action." The plaintiffs' main contention is that they have a matured right to recover 110% of the reduction of the preferred stock as a result of the merger because they are the holders of a contract which guarantees such. Plaintiffs, arguing that they have a separate chose in action against defendant, claim that at the moment the merger became effective it was then that the reduction took place, and plaintiffs' separate chose in action matured for the recovery of $46,518.40. They contend that when the legal act of merger became effective, they could then sell their stock or transfer it for shares in the resultant corporation[2] and then bring action under the contract set out in Article IV(g).

[2] After argument and just prior to the filing of this memorandum, plaintiffs turned in their old shares of preferred and received new preferred and new common. Immediately thereafter, defendant filed a motion to dismiss the complaint on the ground that, as plaintiffs were no longer owners of old preferred, the present action was moot. Without determining the point raised by the mo-

Does the merger agreement, converting each $100 par value preferred share into a no par value preferred having a stated value of $50 and five shares of common $1 par come within the phrase "any reduction" as found in defendant's former charter? Havender v. Federal United Corporation, Del.Sup., 11 A.2d 331, and Hottenstein v. York Ice Machinery Corp., D. C. Del., 45 F.Supp. 436; Id., 3 Cir., 136 F. 2d 944, hold that in Delaware a parent may merge with a wholly owned subsidiary and thereby cancel old preferred stock and the rights of the holders thereof to the unpaid, accumulated dividends, by substituting in lieu thereof stocks of the surviving corporation. Under Delaware law,[3] accrued dividends after the passage of time mature into a debt and can not be eliminated by an amendment to the corporate charter under Sec. 26 of the Delaware Corporation Law, Rev.Code 1935, § 2058. But the right to be paid in full for such dividends, notwithstanding provisions in the charter contract, may be eliminated by means of a merger which meets the standard of fairness.[4] The rationale is that a merger is an act of independent legal significance, and when it meets the requirements of fairness and all other statutory requirements, the merger is valid and not subordinate or dependent upon any other section of the Delaware Corporation Law.[5] As a merger may operate to deprive a stockholder of a right to accrued dividends—which the Delaware cases hold to be in the nature of a debt[5a]—so also it may operate on any other matured claim. In answer to this, it is plaintiffs' contention that in addition to the preferences normally enjoyed by a pre-

---

tion, I think it preferable to dispose of the case on the merits and on the issues raised by the pleadings.

[3] Keller v. Wilson & Co., 21 Del.Ch. 391, 190 A. 115.

[4] Much of the legal literature contains heated debates on the impossibility of reconciling Keller v. Wilson & Co. with Havender v. Federal United Corporation. It is an ever-ready topic among those who practice before the Delaware bar. Some day, as one of the Delaware judges has suggested, a writer may appear who will lay low forever the ghosts of Keller and Havender by demonstrating that these two cases may not be irreconcilable on the theory that all that Keller v. Wilson & Co. held (as distinguished from certain language in the opinion) was that the right to accrued dividends was not a preferential or relative participating right which could be abrogated or altered by amendment under Sec. 26, because such rights were not encompassed by Sec. 26. Neither was the abrogation or cancellation of such a right considered an amendment of a charter; consequently, Sec. 26, under these circumstances, never came into operation.

[5] The text is but a particularization of the general theory of the Delaware Corporation Law that action taken pursuant to the authority of the various sections of that law constitute acts of independent legal significance and their validity is not dependent on other sections of the Act. Havender v. Federal United Corp. proves the correctness of this interpretation. Under Keller v. Wilson & Co. accrued dividends are regarded as matured rights and must be paid. But, this does not prevent a merger, good under the provisions of Sec. 59, from having the incidental effect of wiping out such dividend rights, i. e., Sec. 59 is complete in itself and is not dependent upon any other section, absent fraud. The same thing is true with most other sections of the Corporation Law.

The recent case of Zahn v. Transamerica Corp., 3 Cir., —— F.2d —*, in construing the Kentucky Corporation Law, arrived at a result inconsistent with the theory enunciated above. There, the Court held a redemption of preferred stock was invalid where the call was instigated by the majority common stockholders to defeat the preferred's liquidation rights, especially where the market value of the assets exceeded the cost or book value. Th Court held the redemption feature of the contract must be considered in connection with the liquidation feature; hence the liquidation was not a valid one. In short, the Court held that the liquidation section of the Kentucky Corporation Law was not complete in itself but its validity was in a measure dependent upon other sections of that state's Corporation Law and charter. That interpretation of the Kentucky law is inconsistent with my interpretation of the theory of the Delaware Corporation Law; if the Circuit Court had been construing the Delaware Corporation Law in Zahn case instead of the Kentucky Corporation Law and arrived at the result it did, I would have been required to reach the opposite result in the case sub judice.

* Rehearing granted.

[5a] Penington v. Commonwealth Hotel Construction Corp., 17 Del.Ch. 394, 155 A. 514, 75 A.L.R. 1136.

ferred stock, the corporation here has made a divisible and separate contract, i. e., a promise there would be no reduction in the preferred stock or any diversion of the preferred stockholders' capital for the benefit of the common stock unless the preferred stockholder received in cash 110% of such reduction. This right, plaintiffs say, "is something that stands apart from the stockholder's proprietary interest which is represented by his shares"; and "once an actual chose or right of action is acquired, it obviously can not be taken away."

■ I believe under Delaware law [6] the right which plaintiffs here seek to protect by a money judgment has no higher dignity than any of the other rights spelled out in Article IV. If, under the Delaware cases, the effect of an otherwise valid merger under Sec. 59 is to abolish a debt, i. e., accrued and unpaid dividends, then it would seem that the Havender doctrine would countenance the abolishment of a simple contract right. Moreover, if plaintiffs' arguments are sound, then the arrangement for the reduction of plaintiffs' preferred must also be without the operation of Sec. 26 of the Delaware Corporation Law for their argument cannot stop short of the point that no amendment to the charter could be effected under Sec. 26 resulting in a change of their "contract rights" on "reduction" [7] following the doctrine of Keller v. Wilson & Co., 21 Del.Ch.

391, 190 A. 115. For a charter provision of a Delaware corporation to be without the operation of the Delaware statutes—Sec. 59 in particular—it must be by express agreement which admits of no mistake that this is what the parties were bargaining for.[8]

Plaintiffs, in insisting that they have, insofar as reduction is concerned, a separate and divisible right to receive a cash award, fail to give attention to the fact that the merger provides for an exchange of *all* the old preferred's rights and privileges *in exchange* for stock in the resultant corporation. The new rights received included new preferred stock with dividend features,[9] a switch of voting control, conversion rights, a sinking fund, etc. This exchange was held not only sufficient but also not unfair by the Delaware Court of Chancery in Porges v. Vadsco Sales Corporation, supra.

■ I think plaintiffs ought either to have accepted the provisions of the merger agreement and exchanged their shares, or they should have sought an appraisal under Sec. 61 of the Delaware Corporation Law, Rev.Code 1935, § 2093, as amended, 44 Del.Laws, c. 125, § 6. This view is bottomed on the principle that the merger agreement wiped out all rights and preferences theretofore enjoyed by the old preferred stock. In Havender v. Federal Uni-

---

[6] The writer is applying Delaware law; not what he thinks it ought to be.

[7] Strangely, however, plaintiffs concede that their "contract right" or "chose in action" could be destroyed by an amendment to the charter under Sec. 26. There is no Delaware case passing upon the question as to whether a preferential or relative participating right may be destroyed by merger under Sec. 59 without prior action under Sec. 26. It could be argued, however, that the doctrine of the Havender case would apply a fortiori to such a situation on the theory that the right destroyed is of less dignity than a matured claim or debt. Cf. Keller v. Wilson & Co., 21 Del.Ch. 391, 190 A. 115, for the hierarchy of "contractual obligations" under the Delaware law.

[8] Cf. Frank v. Wilson & Co., Inc., Del. Ch., 32 A.2d 277. Under the doctrine of the Frank case, if the majority in a

reclassification situation take illegal action under Sec. 26 and the non-assenting shareholders acquiesce or are guilty of laches, on the principle of ratification, the illegal amendment is valid as against them. Accordingly, it would appear that parties to a charter agreement could stipulate that certain provisions of the Delaware Corporation Law should have no application to their particular enterprise.

[9] After the merger, adjustments were made whereby an earned surplus deficit of approximately $2,500,000.00 was eliminated. It was therefore possible to pay dividends on the preferred stock after ten years. After the merger and since 1943, both new preferred and common have been sold in the New York Stock Exchange and an annual dividend of $2.50 per share has been paid on the new preferred.

ted Corporation, supra, Chief Justice Layton wrote of the remedies afforded a stockholder who does not wish to go along with a merger. Such stockholders, he wrote (11 A.2d at page 343) are "put to their election, either to demand payment in money of the value of their shares as agreed upon, or as ascertained by an appraisement, or to accept the exchange of securities offered by the merger plan." Sec. 61 of the Delaware Corporation Law, permitting appraisal, shows a legislative intent to give to the objectant to a merger an election of remedies. He may dissent and then receive in the manner fixed by the statute the value of his stock, or, if no dissent, then he is bound by the merger. It was so suggested in Root v. York Corp., D. C. Del., 56 F.Supp. 288.[10] The recent case of Adams v. United States Distributing Corporation, 184 Va. 134, 34 S. E.2d 244, 162 A.L.R. 1227, certiorari denied 66 S.Ct. 807, which construed an appraisal statute quite similar to the Delaware statute, holds precisely that the objectant stockholder has a statutory remedy and, therefore, he has no resort to either the equity or law side of the court for the protection of his interests, absent a showing of unfairness or fraud inherent in the merger.[11, 11a]

It is true plaintiffs here do not avowedly argue that the merger is ineffectual, but their argument would make Sec. 59 impotent, for the business necessity of recapitalization, in many cases, would be thwarted if the majority were to pay the object-

ants a cash premium before the corporation could utilize the resiliency of Sec. 59 to reform a capital structure essential to meet the current economy. If plaintiffs are right, an objectant shareholder gains the benefits of the merger, by accepting the transmutation and exchange of his old shares for the new shares of the resultant corporation and gains further by still retaining, also, what they call, his "contract rights" or "choses in action" which may be protected by a money judgment. The final result, then, is that any rights or agreements which plaintiffs enjoyed under the reduction provisions of the old charter have no greater legal significance, in the application of Sec. 59, than does the extinguishment of a matured debt represented by accrued and unpaid dividends.

A great portion of the argument and briefs dealt with the question of laches. Nothing fruitful will result from a discussion of this particular defense, especially since the view which I have taken of the case finds judgment in favor of defendant. Accordingly, plaintiffs' motion for judgment is denied and defendant's motion for summary judgment is granted. The foregoing makes it unnecessary to consider defendant's recent motion to dismiss on the ground the plaintiffs have, since the case was commenced, exchanged their shares of old preferred for shares of new preferred and new common and are no longer owners of old preferred. An order may be submitted.

---

[10] Cf. Root v. York Corp., Del.Ch. 39 A.2d 780.

[11] After the merger, plaintiffs here started an action in the New York Supreme Court. In addition to a money judgment, plaintiffs sought to enjoin defendant from declaring or paying any dividend on the new stocks until after it had paid a dividend on the old preferred. Plaintiffs also sought a declaration that they were stockholders of

defendant entitled to the old dividend arrearages. The New York Court of Appeals affirmed the dismissal of plaintiffs' action in New York. See Langfelder et al. v. Universal Laboratories, Inc., 293 N.Y. 200, 56 N.E.2d 550, 155 A.L. R. 1226.

[11a] For exclusiveness of statutory remedy in merger cases, absent fraud, see 162 A.L.R. at 1250 et seq.