188 A.2d 123 (1963)
Martin HARITON, Appellant,
v.
ARCO ELECTRONICS, INC., a Delaware corporation, Appellee.
Supreme Court of Delaware.
January 24, 1963.
Irving Morris and J. A. Rosenthal, of Cohen & Morris, Wilmington, for appellant.
S. Samuel Arsht and Walter K. Stapleton, of Morris, Nichols, Arsht & Tunnell, Wilmington, for appellee.
SOUTHERLAND, Chief Justice, and WOLCOTT and TERRY, JJ., sitting.
*124 SOUTHERLAND, Chief Justice.
This case involves a sale of assets under § 271 of the corporation law, 8 Del.C. It presents for decision the question presented, but not decided, in Heilbrunn v. Sun Chemical Corporation, Del., 150 A.2d 755. It may be stated as follows:
A sale of assets is effected under § 271 in consideration of shares of stock of the purchasing corporation. The agreement of sale embodies also a plan to dissolve the selling corporation and distribute the shares so received to the stockholders of the seller, so as to accomplish the same result as would be accomplished by a merger of the seller into the purchaser. Is the sale legal?
The facts are these:
The defendant Arco and Loral Electronics Corporation, a New York corporation, are both engaged, in somewhat different forms, in the electronic equipment business. In the summer of 1961 they negotiated for an amalgamation of the companies. As of October 27, 1961, they entered into a "Reorganization Agreement and Plan." The provisions of this Plan pertinent here are in substance as follows:
1. Arco agrees to sell all its assets to Loral in consideration (inter alia) of the issuance to it of 283,000 shares of Loral.
2. Arco agrees to call a stockholders meeting for the purpose of approving the Plan and the voluntary dissolution.
3. Arco agrees to distribute to its stockholders all the Loral shares received by it as a part of the complete liquidation of Arco.
At the Arco meeting all the stockholders voting (about 80%) approved the Plan. It was thereafter consummated.
Plaintiff, a stockholder who did not vote at the meeting, sued to enjoin the comsummation of the Plan on the grounds (1) that it was illegal, and (2) that it was unfair. The second ground was abandoned. Affidavits and documentary evidence were filed, and defendant moved for summary judgment and dismissal of the complaint. The Vice Chancellor granted the motion and plaintiff appeals.
The question before us we have stated above. Plaintiff's argument that the sale is illegal runs as follows:
The several steps taken here accomplish the same result as a merger of Arco into Loral. In a "true" sale of assets, the stockholder of the seller retains the right to elect whether the selling company shall continue as a holding company. Moreover, the stockholder of the selling company is forced to accept an investment in a new enterprise without the right of appraisal granted under the merger statute. § 271 cannot therefore be legally combined with a dissolution proceeding under § 275 and a consequent distribution of the purchaser's stock. Such a proceeding is a misuse of the power granted under § 271, and a de facto merger results.
The foregoing is a brief summary of plaintiff's contention.
*125 Plaintiff's contention that this sale has achieved the same result as a merger is plainly correct. The same contention was made to us in Heilbrunn v. Sun Chemical Corporation, Del., 150 A.2d 755. Accepting it as correct, we noted that this result is made possible by the overlapping scope of the merger statute and section 271, mentioned in Sterling v. Mayflower Hotel Corporation, 33 Del.Ch. 293, 93 A.2d 107, 38 A. L.R.2d 425. We also adverted to the increased use, in connection with corporate reorganization plans, of § 271 instead of the merger statute. Further, we observed that no Delaware case has held such procedure to be improper, and that two cases appear to assume its legality. Finch v. Warrior Cement Corporation, 16 Del.Ch. 44, 141 A. 54, and Argenbright v. Phoenix Finance Co., 21 Del.Ch. 288, 187 A. 124. But we were not required in the Heilbrunn case to decide the point.
We now hold that the reorganization here accomplished through § 271 and a mandatory plan of dissolution and distribution is legal. This is so because the sale-of-assets statute and the merger statute are independent of each other. They are, so to speak, of equal dignity, and the framers of a reorganization plan may resort to either type of corporate mechanics to achieve the desired end. This is not an anomalous result in our corporation law. As the Vice Chancellor pointed out, the elimination of accrued dividends, though forbidden under a charter amendment (Keller v. Wilson & Co., 21 Del.Ch. 391, 190 A. 115) may be accomplished by a merger. Federal United Corporation v. Havender, 24 Del.Ch. 318, 11 A.2d 331.
In Langfelder v. Universal Laboratories, D.C., 68 F.Supp. 209, Judge Leahy commented upon "the general theory of the Delaware Corporation Law that action taken pursuant to the authority of the various sections of that law constitute acts of independent legal significance and their validity is not dependent on other sections of the Act." 68 F.Supp. 211, footnote.
In support of his contentions of a de facto merger plaintiff cites Finch v. Warrior Cement Corporation, 16 Del.Ch. 44, 141 A. 54, and Drug Inc. v. Hunt, 5 W.W.Harr. 339, 35 Del. 339, 168 A. 87. They are patently inapplicable. Each involved a disregard of the statutory provisions governing sales of assets. Here it is admitted that the provisions of the statute were fully complied with.
Plaintiff concedes, as we read his brief, that if the several steps taken in this case had been taken separately they would have been legal. That is, he concedes that a sale of assets, followed by a separate proceeding to dissolve and distribute, would be legal, even though the same result would follow. This concession exposes the weakness of his contention. To attempt to make any such distinction between sales under § 271 would be to create uncertainty in the law and invite litigation.
We are in accord with the Vice Chancellor's ruling, and the judgment below is affirmed.