192 A.2d 36 (1963)
Frances ORZECK, Plaintiff,
v.
Otto T. ENGLEHART et al., Defendants.
Court of Chancery of Delaware, New Castle.
June 12, 1963.
William E. Taylor, Jr., Wilmington, for plaintiff.
Irving Morris of Cohen & Morris, Wilmington, for certain defendants.
Rodney M. Layton, of Richards, Layton & Finger, Wilmington, for defendant Olson Bros., Inc.
John P. Sinclair, of Berl, Potter & Anderson, Wilmington, for defendants C. Dean Olson and H. Glenn Olson.
Richard L. Sutton, of Morris, Nichols, Arsht & Tunnell, Wilmington, for defendant Morris Sullivan.
SHORT, Vice Chancellor.
Plaintiff is a stockholder of defendant Bellanca Corporation, now Olson Brothers, Incorporated, a Delaware corporation, hereinafter referred to as the corporation. The complaint challenges the validity of the purchase by the corporation from defendants C. Dean Olson and H. Glenn Olson of all of the capital stock of seven corporations *37 which, at the time of the purchase, were engaged in the egg business in the State of California. Three causes of action are asserted, namely (1) that the transaction complained of constituted a de facto merger, and was unlawful since the merger provisions of the Delaware law were not complied with, (2) that the compensation paid to defendant Morris Sullivan as a "finder's fee" and for other services was excessive and a waste of corporate assets, and (3) that certain stock options granted to some of the individual defendants were invalid. The third cause of action asserted has been stayed because of the pendency in this court of an action by the corporation itself challenging the validity of said stock options.
Plaintiff has moved for summary judgment with respect to the first two causes of action. The motion is based upon the pleadings, depositions, affidavits and answers to interrogatories.
The corporation was engaged for many years in the production of airplanes and related enterprises. More recently it has become, to use plaintiff's description, an "empty shell." For a period of more than three years prior to March 17, 1961 it had engaged in no business operations, had been delisted by the American Stock Exchange and had accumulated large losses available for federal tax carry-over purposes. In March, 1961 negotiations were commenced between the corporation and the Olsons with a view to the purchase by the corporation of all of the outstanding stock of the seven Olson companies. These negotiations culminated in an offer on April 3, 1961 by the Olsons to sell the stock to the corporation. The offer was accepted by the board of directors of the corporation on April 5, 1961. On April 25, 1961 a written agreement was entered into to formalize the contract. The agreement fixed the purchase price of the stock as $5,150,000 to be paid by the corporation as follows: (1) 150,000 shares of the corporation's stock to be applied at its par value of $1.00; (2) payment of one-half of the proceeds of recovery by the corporation in its litigation with Bankers Life and Casualty Company; and (3) the balance payable over a period of twelve years with interest at 2½% annually beginning four years from the date of the agreement. The agreement granted to the Olsons options to purchase at par 1,250,000 shares of the corporation's capital stock within a period of ten years. The agreement also granted to defendant Morris Sullivan an option to purchase 75,000 shares of the corporation stock at par, plus 2% of the corporation's profits before taxes for five years, and 3% of the corporation's profits after taxes for five years.
The transaction complained of has long been consummated. The plaintiff challenges its validity as being in substance and effect a merger and therefore unlawful in that plaintiff is deprived of her right of appraisal. On the other hand, defendants' contend that the transaction involved was a purchase of stock of other corporations pursuant to § 123 of Title 8 Del.C. and that the doctrine of de facto merger does not, therefore, apply.
In cases involving corporate reorganizations this court and the Supreme Court of this state have had occasion to consider the applicability of the doctrine of de facto merger. In Fidanque v. American Maracaibo Co., 33 Del.Ch. 262, 92 A.2d 311, this court held that an agreement between Maracaibo and the stockholders of certain companies, designated as Case Pomeroy companies, for the exchange of a block of stock of Maracaibo for all of the outstanding stock of the Case Pomeroy companies was not a de facto merger.
In Heilbrunn v. Sun Chemical Corporation, Del.Ch., 150 A.2d 755, the Supreme Court held that a stockholder of a purchasing corporation could not complain of a purchase by the corporation of all of the assets of another corporation on the theory of a de facto merger.
A like holding was made in Hariton v. Arco Electronics, Inc., Del., 188 A.2d 123, as to a stockholder of the selling corporation. *38 In both cases the court observed that the sale achieved the same result as a merger, but recognized that the sale of assets statute and the merger statute were of equal dignity and independent of each other.
These cases establish that action taken pursuant to and in accordance with the various sections of the Delaware Corporation Law constitute acts of independent legal significance, and the fact that action pursuant to one section may accomplish the same result as that taken pursuant to another section does not have the effect of rendering the transaction subject to the consequences of such other section. See also, Langfelder v. Universal Laboratories, D.C., 68 F.Supp. 209. This principle is equally applicable to the situation here presented. The corporation was authorized by 8 Del.C. § 123 to purchase the stock of the Olson companies. The purchase in no way affected the identity of the Olson companies and the assets of those corporations were not impaired or changed in any respect. If it be of any importance, the agreement did not call for the merger of the Olson companies into the corporation, and if such merger has, in fact, taken place, that circumstance is no aid to the plaintiff.
But plaintiff argues that this case presents the situation where the seller in fact acquires the buyer. This circumstance has been regarded by the Supreme Court of Pennsylvania as an important one in determining whether or not the doctrine of de facto merger is applicable to a sale of assets transaction. Plaintiff says that the Supreme Court of this state in Heilbrunn "indicates that had it been dealing with a case where the alleged buyer was absorbed by the seller and the complaint was made by a stockholder of the alleged buyer, a de facto merger had occurred and the Court would have sustained the attack upon the transaction involved." I do not so read the Supreme Court's opinion. The obvious purpose of the court's observation that the case was not one "in which the seller can be said to have acquired the purchaser" was to differentiate the case from that of Faris v. Glen Alden Corporation, 393 Pa. 427, 143 A.2d 25, in which the Pennsylvania Supreme Court, contrary to Heilbrunn, had held that the doctrine of de facto merger was applicable to a sale of assets which was challenged by a stockholder of the purchasing corporation. Our Supreme Court gives no indication of whether or not it would have regarded the doctrine of de facto merger applicable had it appeared that the seller, in fact, acquired the purchaser.
But assuming its applicability in such circumstances, should it also be applied in the case of a stock purchase, as here? I think not. The relationship created by a purchase and sale of assets differs materially from that resulting from a stock purchase. In the former the buyer becomes the owner of the sellers' assets. In the latter it does not. In a sale of assets an identity of corporate interests is created. In a stock purchase the interests remain separate and distinct. Fidanque v. American Maracaibo Co., supra. The former has most, if not all of the incidents of a merger, and its result is the same as a merger. Hariton v. Arco Electronics, Inc., supra. The incidents and result of the latter are substantially different. In a stock purchase the buyer, having no other business interests as here, becomes merely a holding company. In a sale of assets the buyer carries on its business as before, with additional assets. These distinctions demonstrate that plaintiff's theory fails to consider the essential nature of the transaction about which she complains. As the Supreme Court observed in Heilbrunn that the Fidanque case was not in point as it involved only an exchange of stock, so also is the Faris case, relied on by plaintiff, not in point here where the issue relates to a stock purchase to be effected through an exchange and cash.
Plaintiff contends that the purchase by the corporation of the Olson companies' stock has resulted in a change in the essential nature of the enterprise of the corporation. The fallacy of this contention is *39 readily apparent. By virtue of the transaction complained of the corporation became merely a holding company. It did not thereby become engaged in the egg business. So far as business enterprise was concerned it remained that "empty shell," as characterized by plaintiff.
Plaintiff also argues that the Olsons have obtained control and assumed the management of the corporation. In the circumstances this is wholly immaterial. Heilbrunn v. Sun Chemical Corporation, supra.
The motion for summary judgment as to the first cause of action of plaintiff's amended complaint is denied.
The second cause of action of the complaint charges excessive compensation to have been paid to defendant Morris Sullivan for a finder's fee and other services. Insofar as the motion is directed to this cause of action, suffice it to say that the record establishes a genuine dispute of material fact as to the extent and value of these services. In such circumstances this cause of action can not be disposed of on a motion for summary judgment.
The motion for summary judgment as to the second cause of action is denied.
Order on notice.