John B. WILLARD, Plaintiff,

v.

HARRWORTH CORPORATION, Defendant.

Court of Chancery of Delaware.

New Castle.

Oct. 28, 1969.

John B. Willard pro se.

E. N. Carpenter, II, and Robert H. Richards, III, of Richards, Layton & Finger, Wilmington, for defendant.

MARVEL, Vice Chancellor.

Plaintiff's demand for inspection of a list of defendant's stockholders who have not surrendered their shares for cancellation under a plan of reorganization hereinafter discussed having been refused, the complaint herein seeks a Court order granting the relief requested pursuant to the provisions of 8 Del.C. § 220.[1] If such re-

---

I. If plaintiff succeeds on this application, he will seek leave to inspect other books and records.

quest is granted, plaintiff will seek a further order compelling the calling of a meeting of such corporation's qualified stockholders for the purpose of voting on the proposed renewal of its corporate charter as provided for by the provisions of 8 Del. C. § 312. The demand itself seeks the list in question as a first step in setting up a meeting of such stockholders " * * * for the purpose of renewing the certificate of incorporation of Harrworth Corporation [2] (old Worthington) * * * ".

This suit was filed on September 10, 1968, however, the record discloses that at a special meeting of stockholders of Worthington Corporation held on November 15, 1967, such corporation's name was changed to Harrworth, Inc. and its corporate existence reduced from perpetuity to the time of the close of business on December 31, 1967 as the result of the vote of an overwhelming majority of such corporation's stockholders. The details of the intricate intercorporate transaction, in which the terminal date here in issue was adopted, are of no concern here, the basic proposition on which the stockholders of old Worthington were asked to vote being an agreement and plan of reorganization to combine the assets of Worthington Corporation with those of Studebaker Corporation, resulting in the creation of a new holding company in which stockholders of the former would receive shares of such resulting company to be known as Studebaker-Worthington, Inc. in exchange for their old Worthington shares. Of the sum of $4,000,000 retained by Harrworth under the plan to pay for liabilities not assumed by the new Worthington Corporation only $30,000 remains on hand for winding-up expenses. Plaintiff, having declined to surrender his shares of stock for new Studebaker-Worthington, Inc. shares and having expressed the wish and intention to revive and continue old Worthington as a viable corporate entity, seeks this Court's assistance in achieving his purpose.

There being no material facts in dispute, and the point in issue being clearly a matter of law, plaintiff's claim to a right to have a list of defendant's stockholders may properly be disposed of by summary judgment, and this is the opinion of the Court on defendant's motion for such a judgment.

■ On making an appropriate demand, a stockholder may inspect a list of his fellow stockholders for a proper purpose, which is defined as " * * * a purpose reasonably related to such person's interest as a stockholder." 8 Del.C. § 220. This statute has been narrowly construed, Northwest Industries, Inc. v. The B. F. Goodrich Company, June 2, 1969, Sup.Ct. of Delaware.

Counsel for defendant contends that a proper purpose has not been demonstrated because defendant is out of existence in that having changed the period of its corporate duration from perpetuity to the date of December 31, 1967, the charter of Harrworth, Inc. is not subject to revival under the terms of 8 Del.C. § 312.[3] In other words defendant contends that such section applies solely to a corporation whose charter has become inoperative for nonpayment of taxes or the charter of which has expired by failure to renew it or where renewal has failed because of a technical error. Counsel for defendant further argues that this is not a case of revocation of a voluntary corporate dissolution under 8 Del.C. § 311 inasmuch as such section applies to corporations which have been dissolved under the provisions of 8 Del.C. § 275, a section not resorted to here.

Plaintiff, on the other hand, looks on the complex intercorporate transaction here involved, which was approved by an overwhelming vote of stockholders for the demise of such corporate entity, as circum-

---

**2.** Defendant's corporate name is actually Harrworth, Inc. not Harrworth Corporation.

**3.** This section is made expressly applicable to any corporation whose limited time for existence has not expired. Defendant does not fall into any of the other categories defined in the section.

venting normal corporate requirements and that with special reference to the matter in issue Harrworth, Inc. should have been merged into the Studebaker Corporation or have been dissolved under 8 Del.C. § 275 rather than having the period of its duration abbreviated under 8 Del.C. § 242(a)(6).[4] The point, is, however, that the proponents of the plan, who, with stockholder approval, acted under the latter statute, chose a different course of corporate action.

█ Where a corporate act is carried out in compliance with applicable Delaware law without causing any legally definable injury to the rights of others, such action must be judged as an independent and distinct transaction, Wolfensohn v. Madison Fund, Inc. (Del.Ch.) 247 A.2d 197, aff'd Del., 253 A.2d 72, and Hariton v. Arco Electronics, Inc., 41 Del.Ch. 74, 188 A.2d 123. Here, plaintiff has failed to adduce any facts which controvert those relied on by defendant to support the validity of his charges which are vague and unsubstantiated. Compare Lewis v. Hat Corporation, 38 Del.Ch. 313, 150 A.2d 750. The point is, however, that the sole issue before the Court is the propriety of plaintiff's demand for a list of defendant's stockholders who have not surrendered their shares under the plan and not the propriety of the plan itself.

█ I find plaintiff's demand for a list of defendant's stockholders to be for an improper purpose inasmuch as the defendant is no longer in existence as a viable corporation as opposed to one whose activities are being wound up and cannot now be revived for continuing the business for which it was organized, short of legislative action, 18 Am.Jur.2d, Corporations § 69, there being no Delaware statutory authority for revival of a corporation whose existence has been terminated as in the case at bar. And this is so notwithstanding the fact that the defendant corporation continues for a period of three years for winding-up purposes under the provisions of Title 8 Del.C. § 278 "* * * but not for the purpose of continuing the business for which the corporation was organized * * *". And the fact that the parties to the agreement here in issue chose to adopt a plan of reorganization rather than a merger is irrelevant if the plan employed is fair, Hariton v. Arco Electronics, Inc., supra.

In other words this is not a situation where a corporate charter has been allowed to lapse inadvertently, 8 Del.C. § 312, but rather a situation in which 2,641,868 common shares and 144,057 shares of preferred stock voted for their corporation's demise at the November 15, 1967 meeting, with only 44,627 common shares and 6,150 preferred shares voting against such corporate amendment. Thus, what plaintiff seeks is Court authorization of steps leading to a small minority of defendant's stockholders undoing what an overwhelming majority has duly approved. This he may not be allowed to do under the applicable Delaware statutes.

If plaintiff is of the opinion that the terms of the agreement and plan of reorganization which led to defendant's demise did not give proper consideration to the relative earning and asset powers as well as the relative current and past earning prices of the stock of old Worthington and the Studebaker Corporation, or was otherwise unfair, he should attack such plan directly.

I conclude that inasmuch as Harrworth, Inc. no longer exists as a viable Delaware corporation the charter of which cannot be restored, renewed, or revived, plaintiff's demand under 8 Del.C. § 220 is not for a purpose reasonably related to his interest as a stockholder, defendant having carried the burden of establishing that plaintiff's demand is for an impossible and therefor for an improper purpose.

On notice, an order may be presented granting defendant's motion for summary judgment of dismissal of the complaint.

4. A corporation may amend its certificate of incorporation from time to time so as to change the period of its duration.