28 F.3d 105
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jerry CZAJKOWSKI; Lonia Czajkowski, Plaintiffs-Appellants,
v.
Peter JOVANOVICH; Harcourt Brace, Jovanovich, Inc.,
Defendants-Appellees.
 No. 92-55787.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 3, 1994.
Decided June 8, 1994.
 
 Before: BROWNING and FLETCHER, Circuit Judges, and FITZGERALD,* Senior District Judge.
 MEMORANDUM**
 Jerry and Lonia Czajkowski appeal pro se the district court's order dismissing their action pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief may be granted. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291 and we vacate and remand.
 I.
 We review de novo the district court's dismissal of the Czajkowski's action. See Blake v. Dierdorff, 856 F.2d 1365, 1368 (9th Cir.1988). We accept all material allegations in the complaint as true and resolve all doubts in favor of the plaintiff. See id. "Dismissal is appropriate only if the plaintiff 'can prove no set of facts in support of his claim which would entitle him to relief.' " Klarfeld v. United States, 944 F.2d 583, 585 (9th Cir.1991) (per curiam) (quoting Gibson v. United States, 781 F.2d 1334, 1337 (9th Cir.1986), cert. denied, 479 U.S. 1054 (1987)). When a complaint is dismissed for failure to state a claim, the court should grant the plaintiff leave to amend " 'unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.' " Id. (quoting Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir.1986)).
 A.
 There is no dispute that the issues presented to the district court are governed by New York law since Harcourt was a New York corporation. See Rogers v. Guaranty Trust Co., 288 U.S. 123, 130 (1933); Davis & Cox v. Summa Corp., 751 F.2d 1507, 1527 (9th Cir.1985) (stating that "[c]laims involving the 'internal affairs' of corporations ... are subject to the laws of the state of incorporation").
 Under New York law, "[s]hareholders who do not assent to [a] merger have the right to receive payment for the 'fair value' of their shares.... The remedy available to those who have perfected their status as dissenting shareholders ... is to enforce this right through an appraisal proceeding."[1] Cawley v. SCM Corp., 530 N.E.2d 1264, 1266 (N.Y.1988); see N.Y.Bus.Corp.Law Sec. 623 (McKinney 1986); Burke v. Jacoby, 981 F.2d 1372, 1380 (2d Cir.1992), cert. denied, 113 S.Ct. 2338 (1993). Furthermore, under section 623(e), a dissenting shareholder "cease[s] to have any of the rights of a shareholder except the right to be paid the fair value of his shares and any other rights under ... section ." N.Y.Bus.Corp.Law Sec. 623(e).
 Section 623 also provides:
 The enforcement by a shareholder of his right to receive payment for his shares in the manner provided [in section 623] shall exclude the enforcement by such shareholder of any other right to which he might otherwise be entitled ... except that this section shall not exclude the right of such shareholder to bring or maintain an appropriate action to obtain relief on the ground that such corporate action will be or is unlawful or fraudulent as to him.
 Id. Sec. 623(k). As interpreted by New York courts, section 623(k) makes an appraisal proceeding a dissenting shareholder's exclusive remedy except in a narrow class of cases. See Burke, 981 F.2d at 1380; Cawley, 530 N.E.2d at 1267.
 The exception to the general rule requires the plaintiff to bring an "appropriate action" for equitable relief for unlawful or fraudulent corporate action. Cawley, 530 N.E.2d at 1267. Equitable relief must be the primary relief sought. Walter J. Schloss Assocs. v. Arkwin Indus., 460 N.E.2d 1090, 1091 (N.Y.1984) (adopting dissenting opinion of Mangano, J., at Appellate Division as Court of Appeals opinion). "Money damages are only available, if at all, as ancillary or incidental to such equitable relief." Id.
 
 
 1
 Here, it is undisputed that the Czajkowskis were dissenting shareholders in the Harcourt Brace Jovanovich, Inc. ("HBJ") merger with General Cinema Corporation ("GCC"). Accordingly, the district court correctly determined that the Czajkowskis' exclusive remedy was an appraisal proceeding. See, N.Y.Bus.Corp.Law Sec. 623(k). The Czajkowskis' attempt to avoid this result in two ways.
 
 
 2
 First, the Czajkowskis contend that the merger was in fact a liquidation of HBJ and, therefore, that they were entitled to payment of a $13.50 per share liquidation preference. This contention lacks merit.
 
 
 3
 New York courts have not decided whether a "merger" is the equivalent of a "liquidation" requiring payment of the liquidation preference to preferred shareholders. However, in Rauch v. RCA Corp., 861 F.2d 29 (2nd Cir.1988), the Second Circuit decided the issue under Delaware law. In Rauch the plaintiff, who owned preferred shares of RCA, was offered $40 a share pursuant to a merger agreement in which RCA was to be merged with a subsidiary of General Electric. She claimed that the merger constituted a "liquidation or dissolution or winding up of RCA" and that she was therefore entitled to $100 per share--the amount specified as the redemption or liquidation preference value of her preferred shares. The court rejected this argument. Quoting an earlier case, the court held it was
 
 
 4
 settled under Delaware law that minority stock interests may be eliminated by merger. And, where a merger of corporations is permitted by law, a shareholder's preferential rights are subject to defeasance. Stockholders are charged with knowledge of this possibility at the time they acquire their shares.
 
 
 5
 Id. at 32 (quoting Rothschild Int'l Corp. v. Liggett Group, 474 A.2d 133, 136-37 (Del.1984)). In both Rauch and Rothschild, the courts held that owners of preferred stock were not entitled to the liquidation or redemption preference specified in their stock agreements (which was in both cases $100), because the merger of the corporations in which they owned stock did not constitute the liquidation of the corporations. E.g., Rothschild, 474 A.2d at 136 ("there was no 'liquidation' of Liggett within the well-defined meaning of that term ... [because] the reverse cash-out merger of Liggett did not accomplish a 'liquidation' of Liggett's assets."). The Rauch court noted that plaintiff could have sought an appraisal proceeding (Delaware Business Code has a provision similar to N.Y.Bus.Corp.Law Sec. 623), but did not. Rauch, 861 F.2d at 32.
 
 
 6
 Since the decisions in Rauch and Rothschild appear to turn upon interpretation of the contract term "liquidation" as included in the preferred share agreements, rather than on any specific or unique provision in Delaware law, there is little reason to suspect that New York courts would follow a different course.
 
 
 7
 Second, the Czajkowskis contend that their action falls within the "appropriate action" exception because they sought equitable relief for fraud. This contention also lacks merit.
 
 
 8
 To fall within the "appropriate action" exception, "[t]here must be a request for equitable relief which, in fact, must be the primary relief sought." Walter J. Schloss Assocs., 460 N.E.2d at 1091. Even if equitable claims and claims for damages are brought in the alternative and are equally weighted, the claim is outside the "appropriate action" exception. Staskus v. The Rawlplug Co., Inc., 1993 WL 212736 (S.D.N.Y. June 11, 1993) (holding appraisal is exclusive remedy where plaintiff sought both appraisal and rescission of merger, and expressed no preference for one or the other). Nor is the plaintiff permitted to merely request damages in another form. Burke, 981 F.2d at 1380. Here, the Czajkowskis' action is in essence a claim that they were not paid enough for their shares, it is a claim for damages, and therefore is foreclosed by Schloss unless it is recast as a claim for appraisal.
 
 B.
 
 9
 The district court held that it lacked jurisdiction to hear an action seeking appraisal under the New York statute that required the suit be brought in the New York courts. We conclude, however, that the New York legislature may not divest the district court of diversity jurisdiction. The district court can appraise the shares applying the New York law. In a case repeatedly cited by appellants, the Eighth Circuit held that the venue provision of a New Jersey appraisal statute did not divest a federal court of diversity jurisdiction over an action for appraisal under New Jersey law. Mullen v. Academy Life Ins. Co., 705 F.2d 971, 975 (8th Cir.1983). A federal district court reached the same conclusion with regard to the New York appraisal statute at issue. TBK Partners, Ltd. v. Western Union Corp., 517 F.Supp. 380, 388 (S.D.N.Y.1981), aff'd, 675 F.2d 456 (2d Cir.1982). These cases apply a longstanding Supreme Court rule:
 
 
 10
 Whenever a general rule as to property or personal rights, or injuries to either, is established by State legislation, its enforcement by a Federal court in a case between proper parties is a matter of course, and the jurisdiction of the court, in such case, is not subject to State limitation.
 
 
 11
 Railway Co. v. Whitton's Administrator, 80 U.S. (13 Wall.) 270, 286 (1871); accord Duchek v. Jacobi, 646 F.2d 415 (9th Cir.1981) (rejecting argument that federal court lacked jurisdiction to enforce its judgment where controlling state statute required action to proceed in particular state court).
 
 
 12
 The Czajkowskis make substantial allegations that the merger price of $0.75 per share may not have been the "fair value" to which the Czajkowskis were entitled under N.Y.Bus.Corp.Law Sec. 623. While the Czajkowskis owned the stock, it allegedly traded for as much as $12.25 per share. Appellants also make various allegations of fraud and breach of fiduciary duty which can be considered in conducting an appraisal under New York law. See Walter J. Schloss Assocs. v. Arkwin Indus., Inc., 455 N.Y.S.2d 844, 852 (N.Y.App.Div.1982) (Mangano, J., dissenting), rev'd for reasons stated in dissenting opinion, 460 N.E.2d 1090 (N.Y.1984).
 
 
 13
 We remand to allow the Czajkowskis leave to amend their complaint to seek appraisal under the New York Statute.
 
 
 14
 VACATED and REMANDED.
 
 
 
 *
 The Honorable James M. Fitzgerald, Senior United States District Judge for the District of Alaska, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3. The parties are familiar with the facts and we will not repeat them
 
 
 [1]
 Appraisal is the exclusive remedy for common and preferred voting shares. N.Y.Bus.Corp.Law Sec. 623(k); In re Harwitz, 80 N.Y.S.2d 570 (N.Y.Sup.Ct.1948). Because the Czajkowskis' preferred shares were voting shares, their remedy is appraisal